UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:10-CV-00240-BR

| | | |
|---|---|---|
| DARRYL E. ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| v. | ) | |
| G.E. AVAITION,[1] | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross-motions for summary judgment. Each party filed a response to the opposing party's motion.

*Pro se* plaintiff is presently employed by defendant as a forklift driver. (Compl., DE # 1, ¶ 5; Def.'s Mem., Ex. A, DE # 17-1, at 8.) Plaintiff claims defendant has discriminated against him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Specifically, plaintiff contends that based on his (plaintiff's) race, African-American, defendant has failed to apply the same job requirements (i.e., quotas and workload) to similarly situated employees, namely a Caucasian employee named Eddie Carter. (Compl., DE # 1, ¶ 4; Pl.'s Mot., DE # 14, at 7; Def.'s Mem., Ex. A, DE # 17-1, at 75; see also Def.'s Mem., Ex. A, DE # 17-1, at 73-74.) Plaintiff also contends that after he complained to his superiors about the inequitable treatment, they failed to respond. (Compl., DE # 1, ¶ 4; Pl.'s Mot., DE # 14, at 4, 7.) The purportedly discriminatory conduct occurred in 2005. (Am. Compl., DE # 4; see also Pl.'s Mot., DE # 14, at 4; Def.'s Mem., Ex. A, DE # 17-1, at 21-22, 26-27, 52.) According to defendant, plaintiff filed a charge

---

[1]Defendant identifies itself as General Electric Company.

of discrimination with the New Hanover Human Relations Commission in June 2008.[2] (Def.'s Mem., DE # 17, at 2.) The EEOC issued a notice of right to sue to plaintiff on 31 August 2010. (DE # 1-2.) Plaintiff filed this suit on 29 November 2010. Defendant argues that the action should be dismissed because plaintiff did not timely file his charge of discrimination with the New Hanover Human Relations Commission.

Under Title VII, it is an unlawful employment practice for an employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1).

> Before a plaintiff may file suit under Title VII . . ., he is required to file a charge of discrimination with the EEOC. *See* 42 U.S.C.A. § 2000e-5(f)(1) (West 2003) (Title VII); 29 U.S.C.A. § 626(d) (West 1999) (ADEA). Title VII establishes two possible limitation periods for filing a discrimination charge with the EEOC. *See* 42 U.S.C.A. § 2000e-5(e)(1). "The basic limitations period is 180 days after the alleged unlawful employment practice. However, the limitations period is extended to 300 days when state law proscribes the alleged employment practice and the charge has initially been filed with a state deferral agency."

Jones v. Calvert Group, Ltd., 551 F.3d 297, 300 (4th Cir. 2009) (citation omitted). "[I]f the employee does not submit a timely EEOC charge, the employee may not challenge that practice in court, § 2000e–5(f)(1)." Ledbetter v. Goodyear Tire & Rubber Co., 550 U.S. 618, 623-24 (2007).

Here, defendant acknowledges that plaintiff had 300 days after the alleged unlawful

---

[2]The charge indicates that plaintiff signed/filed it on 31 May 2010. (Def.'s Mem., Ex. C, DE # 17-3.) The delay from 2008 to 2010 may be due the fact that the New Hanover Human Relations Commission closed during this period, and plaintiff's charge was transferred to the EEOC office in Raleigh. (See Def.'s Mem., DE # 17, at 2 (citing http://www.eeoc.gov/field/raleigh/fepa.cfm).) See also http://www.wect.com/story/10570321/nhc-human-relations-commission-has-been-repealed?redirected=true (local news report stating that the Commission closed effective 30 June 2009). The earlier date of filing, i.e., June 2008, benefits plaintiff, and therefore, the court accepts it as true for purposes of resolving the instant motions.

2

employment practice to file a charge of discrimination with the New Hanover Human Relations Commission. (Def.'s Mem., DE # 17, at 6.) Even so, defendant contends that plaintiff filed his charge too late because the acts of which he complains occurred in 2005, and he did not file his charge until June 2008, which is more than 300 days after the alleged discriminatory conduct occurred. The court agrees.

Plaintiff amended his complaint to change the allegation regarding the date the discrimination occurred. He changed the date from 2008-2010 to 2005. (Compare Compl., DE # 1, ¶¶ 8, 11, with Am. Compl., DE # 4, ¶¶ 8, 11.) In his deposition, plaintiff repeatedly admitted that the conduct for which he is suing defendant occurred in 2005. (Def.'s Mem., Ex. A, DE # 17-1, at 21-22, 26-27, 52.) At the latest, plaintiff should have filed his charge of discrimination by the end of October 2006. Because he did not, the court cannot consider his claim.

Out of an abundance of caution and because plaintiff is proceeding *pro se*, the court addresses additional conduct about which plaintiff testified that occurred after 2005 and to which his filings refer. Plaintiff testified and submitted documents about a negative performance evaluation he received in the third quarter of 2006.[3] (Id. at 45-46, 64-66; Pl.'s Resp., DE # 20, at 2, 5, 10.) To the extent his claim could be deemed to be based on that conduct, it too is barred because he did not file his charge of discrimination within 300 days of the negative evaluation.

Plaintiff also testified to telling three of his managers about what he perceived to be unequal treatment between him and his co-worker Eddie Carter and those managers' failing to

---

[3]The EEOC documents refer to a *2008* negative performance appraisal. (Def.'s Mem., Ex. C, DE # 17-3; Pl.'s Resp., DE # 20 at 11.) The court agrees with defendant that in reality that event occurred in 2006, based on plaintiff's testimony and plaintiff's typewritten response to defendant's motion.

act in response to plaintiff's complaints.  (See Def.'s Mem., Ex. A, DE # 17-1, at 73-77.)  Those managers supervised plaintiff over the period from 2002 until October 2007.  (Def.'s Mem., Ex. B, DE # 17-2.)  Assuming plaintiff's complaint to the managers constitutes protected activity under Title VII, see EEOC v. Navy Fed. Credit Union, 424 F.3d 397, 406 (4th Cir. 2005) ("protected oppositional activities may include 'staging informal protests and voicing one's own opinions in order to bring attention to an employer's discriminatory activities,' as well as 'complain[ts] . . . about suspected violations'" (citations omitted) (alterations in original)), and to the extent plaintiff's claim could be deemed to be based on the managers' inaction through 2006, it is barred based on plaintiff's failure to file his charge within 300 days of that conduct.  To the extent plaintiff's claim could be based on any of his manager's inaction during the latter part of 2007, a claim based on such inaction might not be time barred, but the court finds under the circumstances here that such inaction, that is, doing nothing in response to plaintiff's complaints, does not amount to a retaliatory act under Title VII.[4]  See Yeager v. UPMC Horizon, 698 F. Supp. 2d 523, 546-47 (W.D. Pa. 2010) (holding employee had not shown that the employer's failure to take corrective action upon learning of alleged harassment was a materially adverse action under Title VII's anti-retaliation provision).

In sum, the court finds that plaintiff did not timely file his charge of discrimination with the New Hanover Human Relations Commission, and to the extent that plaintiff's claim is based on the failure of any manager to respond to plaintiff's complaints about perceived discrimination, such manager's inaction is not retaliation under Title VII.  Accordingly, the court

---

[4] Nothing in the record suggests plaintiff might be asserting a hostile work environment claim based on the manager's inaction.  Cf. Yeager v. UPMC Horizon, 698 F. Supp. 2d 523, 546 (W.D. Pa. 2010)  (noting that "inaction . . . could foster a hostile work environment").

does not address defendant's alternative arguments in support of its motion for summary judgment. Defendant's motion for summary judgment is ALLOWED. Plaintiff's motion for summary judgment is DENIED. This action is DISMISSED.

This 24 February 2012.

                                     *W. Earl Britt signature*
                                     W. Earl Britt
                                     Senior U.S. District Judge